## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JASON EUGENE GATES,

     Petitioner,                                    Case No. 23-cv-10912
                                                       Hon. Matthew F. Leitman

v.

PAUL SCHREIBER,

     Respondent.

_____/

## ORDER DENYING PETITIONER'S REQUEST FOR
## APPOINTMENT OF COUNSEL (ECF No. 6) AND
## MOTION FOR RELEASE ON BOND (ECF No. 7)

Petitioner Jason Eugene Gates has filed a motion for the appointment of counsel (*see* Mot., ECF No. 6) and a motion for release on bond. (*See* Mot., ECF No. 7.)  The motions are **DENIED**.

First, Gates requests the appointment of counsel.  Prisoners have no constitutional right to counsel in a collateral attack on their convictions. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Gates has not yet persuaded the Court that the appointment of counsel is necessary or appropriate at this point in the proceedings.  A preliminary review of Gates' pleadings demonstrates that he has an adequate understanding of the issues and reasonably articulates his claims.  The Court is not yet persuaded that the nature or complexity of Gates' claims require the appointment of counsel at this time.  If the Court later determines that the

appointment of counsel is appropriate under the standards set forth above, the Court will appoint counsel.

Second, Gates moves for release on bond. This Court has previously explained that the following standard applies to requests for bond by a habeas petitioner whose claim is under review:

> This Court has "inherent authority" to grant bond to a habeas petitioner while his petition is under review. *Nash v. Eberlin,* 437 F.3d 519, 526, n. 10 (6th Cir. 2006). But that authority is narrow. "Since a habeas petitioner is appealing a presumptively valid state court conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe,* 989 F.2d 869, 871 (6th Cir. 1993). "In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May,* 85 S.Ct. 3, 5, 13, 13 L.Ed.2d 6 (1964) (Douglas, J., in chambers)). Simply put, "[m]erely to find that there is a substantial question is far from enough." *Lee,* 989 F.2d at 871 (quoting *Glynn v. Donnelly,* 470 F.2d 95, 98 (1st Cir. 1972)).
>
> Neither the United States Supreme Court nor the United States Court of Appeals for the Sixth Circuit has provided definitive guidance for determining whether a petitioner's "circumstances" are so "exceptional" as to justify release pending review of his habeas claims. Unpublished decisions from this Court suggest that "exceptional circumstances" warranting release during review "have been limited to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, or (3) possibly where there was an extraordinary delay in processing the habeas petition." *Scheidler v. Berghuis,* 07-cv-01346, 2008 WL 161899 (E.D. Mich. 2008) (citations omitted); *see also Milstead v. Sherry,* 07-cv-15332, 2009 WL 728540 (E.D. Mich. 2009) (citation omitted). This

much is clear: federal courts very rarely find "exceptional circumstances" and very rarely release petitioners before ruling on the merits of their claims. Indeed, there seem to be but a handful of decisions in which federal courts have released petitioners pending review of their claims.

*Blocksom v. Klee*, No. 11-cv-14859, 2015 WL 300261, at *4 (E.D. Mich. Jan. 22, 2015). `

Gates has not presented exceptional circumstances which merit release on bond. Additionally, the Court notes that Gates' citation to Federal Rule of Appellate Procedure 23(c) to argue in favor of release on bond is misplaced. (*See* Mot., ECF No. 7, PageID.42.) Rule 23(c) creates a presumption of release from custody while a decision ordering the release of a prisoner is on appeal. *Hilton v. Braunskill*, 481 U.S. 770, 774, (1987). The Court has not yet decided the merits of the petition. Therefore, Rule 23(c) is inapplicable.

Accordingly, Petitioner's Motion for Appointment of Counsel (ECF No. 6) and Motion for Release on Bond (ECF No. 7) are **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 16, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 16, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126