UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON EUGENE GATES,

      Petitioner,                            Case No. 23-cv-10912
                                                         Hon. Matthew F. Leitman

v.

PAUL SCHREIBER,

      Respondent.

_____/

**ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS (ECF No. 10), (2) DENYING PETITIONER A CERTIFICATE OF APPEALABILITY, AND (3) GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Jason Eugene Gates is a state prisoner in the custody of the Michigan Department of Corrections. On April 14, 2023, Gates filed a petition for a writ of habeas corpus in this Court. (*See* Pet., ECF No. 1.) In his petition, Gates seeks relief from his state-court convictions for assault with intent to do great bodily harm, Mich. Comp. Laws § 750.84, and felony firearm, Mich. Comp. Laws § 750.227b. (*See id.*)

On October 27, 2023, Respondent filed a motion to dismiss on the ground that the petition is barred by the statute of limitations found in 28 U.S.C. § 2244(d)(1). (*See* Mot., ECF No. 10.) For the reasons explained below, the Court **GRANTS** the motion and **DISMISSES** the petition with prejudice. The Court also **DENIES** Gates

1

a certificate of appealability, but it will **GRANT** him leave to proceed *in forma pauperis* on appeal.

# I

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal application for the writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Section 2244(d)(1)(A) provides the operative date for measuring the one-year limitations period in this case. Under that section, the one-year limitations period

2

runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Finally, under AEDPA, this limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

## II

The procedural history relevant to whether Gates timely filed his petition is as follows:

1. On March 23, 2017, a jury found Gates guilty of assault with intent to do great bodily harm and felony firearm. The state trial court sentenced Gates on April 18, 2017, to 4 years, 2 months to 10 years for the assault conviction and 5 years for the felony firearm conviction.

2. The Michigan Court of Appeals affirmed Gates' convictions and sentence. *See People v. Gates*, 2018 WL 4164429 (Mich. Ct. App. Aug. 30, 2018). On February 4, 2019, the Michigan Supreme Court denied Gates' application for leave to appeal. *People v. Gates*, 922 N.W.2d 355 (Mich. 2019).

3. Gates' convictions became final on May 6, 2019,[1] when the time for seeking a *writ of certiorari* with the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The last day on which a petitioner can petition for certiorari is not counted

---

[1] Gates' ninety-day window to file a petition for a *writ of certiorari* in the United States Supreme Court ended on Sunday, May 5, 2019. When the last day of a period of time prescribed by any rule or statute falls on a Saturday, Sunday, or legal holiday, that day is not included in the ninety-day period. *See* Supreme Court Rule 30; *Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000).

3

toward the one-year limitations period. *See id.* at 285. Thus, the AEDPA limitations period began on May 7, 2019.[2]

4. On March 16, 2020, after 314 days of the AEDPA limitations period elapsed, Gates filed a motion for relief from judgment in the state trial court.[3] This motion tolled AEDPA's one-year limitations period with 51 days remaining.

5. On July 28, 2022, state-court proceedings related to Gates' motion for relief from judgment concluded when the Michigan Supreme Court denied Gates' motion for reconsideration of its order denying leave to appeal. *See People v. Gates*, 977 N.W.2d 534 (Mich. 2022).

6. AEPDA's one-year limitations period, which had 51 days remaining, resumed running the next day, on July 29, 2022.

7. The limitations period continued to run uninterrupted for 51 days until it expired on September 19, 2022.[4]

8. Gates has since filed two federal habeas corpus petitions in this Court.[5] Both were filed after expiration of the one-year limitations period.

---

[2] Thus, to be timely, Gates needed to file a federal habeas petition by no later than May 7, 2020.

[3] Respondent asserts that Gates' motion for relief from judgment was filed on June 4, 2020, the date the state court entered the motion on its docket. (*See* Mot., ECF No. 10, PageID.56.) Gates signed and dated his motion on March 16, 2020, and, under the prison mailbox rule, it is considered filed on that date. *See Borns v. Nagy*, 2023 WL 6396573, at ** 2-3 (E.D. Mich. Sept. 29, 2023) (applying federal prison mailbox rule to motion for relief from judgment filed in state trial court); *Shaykin v. Romanowski*, 2016 WL 193381, at ** 5-6 (E.D. Mich. Jan. 15, 2016). *See also Fernandez v. Artuz*, 402 F.3d 111, 115 (2d Cir. 2005) ("New York's rejection of the mailbox rule does not preclude its application by a *federal* court in tolling a *federal* statute of limitations.") (emphasis in original).

[4] The 51st day was Saturday, September 17, 2022. Accordingly, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the limitations period expired on the next day that was not a weekend or holiday, which was Monday, September 19, 2022.

[5] Gates also previously filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Michigan. *See Gates v. Parish*, W.D. Mich

4

9. First, Gates filed a federal habeas petition on September 21, 2022. That petition was assigned to the Honorable Laurie J. Michelson. *See Gates v. Floyd*, E.D. Mich. Case No. 22-cv-12310. On December 13, 2022, Judge Michelson dismissed the petition without prejudice because Gates did not timely correct a filing deficiency.[6] (*See id.*, ECF Nos. 4, 5.)

10. On March 30, 2023, Gates submitted a document titled "Appeal to the United States District Court for the Eastern District of Michigan." (*Id.* ECF No. 9.) The document was docketed as a "Notice of Appeal" in the case that Judge Michelson had dismissed. (*See id.*)

11. The Sixth Circuit Court of Appeals held that the "Notice of Appeal" was intended to be a new habeas petition, and it directed the district court to file the petition as a new case. *See Gates v. Floyd*, Sixth Cir. Case No. 23-1297 (6th Cir. Apr. 14, 2023).

12. On April 14, 2023, as directed by the Court of Appeals, this case was opened.

## III

As the above history makes clear, Gates' current petition is untimely. AEDPA's one-year statute of limitations began to run on May 7, 2019. It continued to run until March 16, 2020, when Gates filed a motion for relief from judgment in state court. That motion tolled the limitations period with 51 days remaining. The

---

Case No. 19-cv-265. That petition is immaterial to the timeliness determination here because it was filed and dismissed during a time period already tolled by the state-court proceedings related to Gates' motion for relief from judgment.

[6] It appears there may have been an error in the service of Judge Michelson's deficiency order because it was mailed to the wrong prison. This apparent error does not trigger an equitable tolling analysis because the petition itself was filed after the limitations period had already expired.

limitations period resumed running on July 29, 2022 – the day after the conclusion of proceedings related to Gates' motion for relief from judgment – and continued to run for 51 days. It then expired on September 19, 2022. Gates filed his first habeas petition in this Court on September 21, 2022, two days late. And Gates' current petition – whether the Court considers it filed on the date it was docketed as a Notice of Appeal or on the date it was opened as a new case – was likewise filed well after the limitations period expired. The petition is therefore untimely and must be dismissed.

Gates counters that the one-year limitation period should be equitably tolled from March 15, 2020, through June 2020 because of administrative orders entered by the Michigan Supreme Court at the beginning of the COVID-19 pandemic. (*See* ECF No. 12, PageID.759-761.) But even if the Court provided Gates all of the equitable tolling he seeks, his petition would still be untimely. Here's why. With the exception of only a single day, every day of the period for which Gates seeks equitable tolling was *already* statutorily tolled by Gates' filing of his motion for relief from judgment. More specifically, he filed his motion (and thus started statutory tolling) on March 16, 2020, and he seeks to begin equitable tolling one day earlier – on March 15, 2020. Thus, even if he received all of the equitable tolling he seeks, the total amount of time left on the statute of limitations after tolling would increase by only a single day – to a total of 52 days. But he did not file either of his

petitions in this Court within 52 days of the day that tolling ceased and the limitations period began to run again.[7] Thus, his petition is barred by the statute of limitations.

Gates also argues that his appellate attorney's ineffectiveness excuses his untimeliness. Gates' argument appears to be centered on establishing cause to excuse a procedural default. But the principle of procedural default is distinct from the question here – whether the petition was timely filed. *See Taylor v. Eppinger*, 2017 WL 5125666, at * 2 (6th Cir. June 2, 2017) (holding ineffective assistance of appellate counsel is relevant to a procedural default analysis but will not excuse untimely filing of a federal habeas corpus petition). Thus, Gates' ineffective assistance of appellate counsel argument cannot excuse his failure to meet AEDPA's limitations period.

For all of these reasons, Gates' petition was not timely filed, and the Court will therefore grant Respondent's motion to dismiss.

---

[7] As noted above, tolling ended on July 29, 2022, and 52 days after that date is Sunday, September 18, 2022. The limitations period would have expired on the next day that was not a weekend or holiday: Monday September 19, 2022. However, Gates did not file his first habeas petition until two days later, on September 21, 2022. Therefore, it would not have been timely filed even if the limitations period was equitably tolled for the one additional day Gates identified. And Gates' current petition, filed well after the statute of limitations of expired, would likewise still be untimely.

## IV

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, in order to be entitled to a certificate of appealability, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not debate the correctness of the Court's procedural ruling that Gates' petition is untimely. The Court therefore denies Gates a certificate of appealability.

Although the Court declines to issue Gates a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* on appeal is not as strict as the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). A court may grant *in forma pauperis* status on appeal if it finds that an appeal is being taken in good faith. *See id*. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24 (a). Although jurists of reason would not find it debatable whether the Court's dismissal of Gates' habeas petition was

8

correct, an appeal could be taken in good faith. Therefore, Gates may proceed *in forma pauperis* on appeal.

V

For the reasons explained above, the Court **GRANTS** Respondent's motion to dismiss (ECF No. 10) and **DISMISSES** Gates' petition for writ of habeas corpus (ECF No. 1.)

The Court further **DENIES** Gates a certificate of appealability.

Finally, the Court **GRANTS** Gates leave to proceed *in forma pauperis* on appeal because an appeal could be taken in good faith.

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  September 3, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 3, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126